Patrick M. Stanton (PS-0735)
Lynelle J. Slivinski (LS-1210)
OGLETREE, DEAKINS, NASH,
SMOAK, & STEWART, P.C.
521 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 292-4314
patrick.stanton@ogletreedeakins.com
lynelle.slivinski@ogletreedeakins.com

Attorneys for Defendant
RadioShack Corporation

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| LOUIS I. OCTOBRE, | : | Case No. 07 CV 3311 |
| Plaintiff | : | |
| | : | **ANSWER** |
| -Against- | : | |
| | : | |
| RADIO SHACK CORPORATION, | : | **Document Filed Electronically** |
| Defendant | : | |

---

Defendant RadioShack Corporation, by way of Answer to plaintiff's Complaint herein says:

## AS TO INTRODUCTION

1.  Defendant makes no response to the allegations of Paragraph 1 of the Complaint as they merely describe the nature and basis of plaintiff's suit and do not contain factual allegations that require a response. To the extent a response is required, defendant denies the allegations of Paragraph 1.

## AS TO JURISDICTION

2. Defendant makes no response to the allegations of Paragraph 2 of the Complaint as they call for a legal conclusion.

## AS TO PARTIES

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and leaves plaintiff to his proofs with respect thereto.

4. Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

## AS TO FACTUAL AVERMENTS

5. Defendant admits the allegations set forth in Paragraph 5 of the Complaint, except to deny that the location is otherwise known as "Yonkers Cross County Mall".

6. Defendant denies the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the Complaint.

   a. Defendant admits the allegations set forth in Paragraph 7(a) of the Complaint.

   b. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7(b) of the Complaint and leaves plaintiff to his proofs with respect thereto.

   c. Defendant admits the allegations set forth in Paragraph 7(c) of the Complaint.

   d. Defendant admits that, at the time of termination, plaintiff earned approximately $98,000 per year, which was comprised of base salary, commissions, and bonus. Defendant also admits that, as a result of plaintiff's termination, defendant ceased compensating

him. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(d) of the Complaint.

   e. Defendant denies the allegations set forth in Paragraph 7(e) of the Complaint.

   f. Defendant admits that plaintiff failed to report a theft by an employee under his charge, which factored in to the overall decision to terminate plaintiff's employment. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(f) of the Complaint.

   g. Defendant admits that the store managed by plaintiff had inventory losses, which factored in to the overall decision to terminate plaintiff's employment. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(g) of the Complaint.

   h. Defendant admits that plaintiff failed to regularly conduct cage counts, which factored in to the overall decision to terminate plaintiff's employment. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(h) of the Complaint.

   i. Defendant denies the allegations set forth in Paragraph 7(i) of the Complaint.

   j. Defendant denies the allegations set forth in Paragraph 7(j) of the Complaint.

   k. Defendant admits that its store located in the Bronx Baychester Shopping Center had an Hispanic Store Manager. Defendant also admits that that store sustained an inventory loss. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(k) of the Complaint.

l.  Defendant admits that the Assistant Store Manager of the store located in the Bronx Baychester Shopping Center had stolen telephones. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(l) of the Complaint.

m.  Defendant denies the allegations set forth in Paragraph 7(m) of the Complaint.

n.  Defendant admits that the Assistant Store Manager of the store located in the Bronx Baychester Shopping Center was terminated for internal theft. Defendant further admits that the Store Manager was not terminated and remains employed with defendant. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(n) of the Complaint.

o.  Defendant admits that store number 2632, located at 2194 White Plains Road in the Bronx, had an Hispanic Senior Store Manager. Defendant also admits that this Senior Store Manager had managed store 2665, which sustained an inventory loss. Defendant further admits that the Senior Store Manager was demoted to a smaller store, store number 2632 and that he was not terminated. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(o) of the Complaint.

p.  Defendant admits that its store located at 161 Street in the Bronx had an Hispanic Senior Store Manager. Defendant further admits that a night deposit from that store was lost. Except as expressly so stated, defendant denies the allegations set forth in Paragraph 7(p) of the Complaint.

q.  Defendant denies the allegations set forth in Paragraph 7(q) of the Complaint.

8.  Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

## CAUSES OF ACTION

### AS TO FIRST CAUSE OF ACTION

13. Defendant repeats its answers to Paragraphs 1 through 12 of the Complaint as if set forth at length herein.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION

15. Defendant repeats its answers to Paragraphs 1 through 14 of the Complaint as if set forth at length herein.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

### AS TO THE PRAYER FOR RELIEF

Defendant denies that plaintiff is entitled to any of the relief sought in the Wherefore clause of the Complaint.

## AFFIRMATIVE AND OTHER SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

All actions taken with regard to plaintiff were taken in good faith, for reasonable and legitimate business reasons, and were based on lawful, nondiscriminatory factors.

### THIRD SEPARATE DEFENSE

Defendant has made good faith efforts to comply with the law (and has not acted with willfulness, reckless disregard and/or malice toward plaintiff), thereby precluding recovery of any punitive damages sought by plaintiff.

### FOURTH SEPARATE DEFENSE

To the extent plaintiff has suffered any damage or injury, which is denied, plaintiff failed to mitigate his damages and his claims for relief, therefore, are barred.

### FIFTH SEPARATE DEFENSE

Plaintiff is not entitled to attorneys' fees for his claims.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of plaintiff's unclean hands.

### SEVENTH SEPARATE DEFENSE

To the extent plaintiff has failed to satisfy any conditions precedent which are necessary to maintain his claims (including compliance with his former employer's internal policies for addressing complaints and setting forth a procedure for addressing such complaints), or failed to exhaust his administrative remedies, such claims are barred.

### EIGHTH SEPARATE DEFENSE

Defendant reserves the right to later amend this pleading by asserting additional defenses and/or by otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative hereto.

**WHEREFORE**, defendant RadioShack Corporation demands judgment against plaintiff dismissing the Complaint in its entirety and with prejudice and awarding defendant its costs, attorneys' fees and such other and further relief as the Court deems just and proper.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for defendant
RadioShack Corporation

Dated: June 25, 2007

By: /s/ Lynelle J. Slivinski
    Lynelle J. Slivinski (LS-1210)

4985976.2 (OGLETREE)