**Ogletree Deakins**

**MEMO ENDORSED**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

10 Madison Avenue
Suite 402
Morristown, NJ 07960
Telephone: 973-656-1600
Facsimile: 973-656-1611
www.ogletreedeakins.com

August 15, 2008

**Via Electronic Docket & Regular Mail**
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

    Re:    *Octobre v. Radio Shack Corporation*
             Civil Action No.: 7:07-cv-3311-KMK-MDF

Dear Judge Karas:

    My firm represents defendant RadioShack Corporation ("RadioShack"), in the above referenced matter. In accordance with Your Honor's Motion Practices, RadioShack hereby requests a pre-motion conference.

    This is an employment discrimination case brought pursuant to §296 of the New York State Human Rights Law ("NYSHRL") and §1981 of the Civil Rights Act of 1991 (§1981). Plaintiff contends that RadioShack, his former employer, discriminated against him because of his race when it terminated his employment. RadioShack intends to file a motion for summary judgment because, despite plaintiff's unsupported allegations, there is no evidence that he was treated any differently than similarly situated non-black Hispanic employees because of his race. There is no evidence that the fact that plaintiff was African American had anything to do with the way he was treated and/or the decision to terminate his employment. Rather, the undisputed evidence shows that plaintiff was terminated for violating RadioShack's policies relating to inventory management.

*Plaintiff Cannot Establish a Prima Facie Case of Racial*
*Discrimination Under the NYSHRL and/or §1981.*

    Plaintiff, who had last held the position of Senior Store Manager, has specifically alleged that his District Manager, Millicent Quinones, discriminated against him because of race (black) when she terminated his employment. Plaintiff alleges that the reasons he was given for his termination – *i.e.*, failing to report employee theft, a $5,000 inventory loss at the store plaintiff managed, and failing to conduct weekly cage counts – were pretextual. Plaintiff points to four allegedly similarly situated Hispanic employees who supposedly engaged in similar behavior, without repercussion. In reality, however, none of these situations support his claim of racial discrimination.

Hon. Kenneth M. Karas, U.S.D.J.
August 15, 2008
Page 2



### *Plaintiff was not satisfactorily performing his job.*

Plaintiff was an 11-year employee with almost 10 years of management experience with RadioShack. During his employment tenure, plaintiff had numerous performance and conduct-related issues, culminating with an unexplained inventory loss exceeding $5,000. In late 2006, RadioShack's Loss Prevention Department investigated this inventory loss and determined that plaintiff failed to complete a full reconciliation during the December 3, 2006 store inventory. During the course of this investigation, the Loss Prevention manager realized that plaintiff last conducted a cage count (*i.e.*, a physical count of high-shrink merchandise) on October 5, 2006, even though cage counts are required to be done weekly. On December 7, 2006, plaintiff received a written warning for improper inventory procedures and failing to protect company assets.

Two days later, a sales associate at plaintiff's store conducted a fraudulent cash refund transaction. When questioned by the Loss Prevention Manager, the sales associate stated that she took the money with the intent of giving it to plaintiff as restitution for a laptop that had been stolen by a customer. The sales associate further stated that plaintiff, in violation of company policy, told her that she was responsible for the loss and that she had to pay for the laptop. Further investigation revealed that plaintiff failed to properly report the stolen laptop pursuant to company policy. When plaintiff was interviewed by the Loss Prevention Manager, he admitted that he failed to report the stolen laptop and that he instructed the sales associate that she had to pay for the laptop to avoid involvement by RadioShack's Loss Prevention Department. Plaintiff's immediate supervisor, Ms. Quinones, terminated plaintiff for violation of company policy.

### *An inference of discrimination does not arise from the circumstances surrounding plaintiff's termination.*

No other Store Managers or Senior Store Managers in the district in which plaintiff was employed, were terminated for engaging in the same conduct that resulted in plaintiff's termination. In addition, plaintiff's purported evidence of discrimination is factually incorrect and/or lacks evidentiary support. The alleged comparators plaintiff has identified are not similarly situated at all. Moreover, after plaintiff was terminated, he was replaced by someone of his same race (African American).

Even if plaintiff can establish a *prima facie* case, which he cannot, RadioShack had a legitimate non-Discriminatory reason for taking its action, *i.e.*, that plaintiff engaged in improper inventory procedures in violation of company policy. Plaintiff cannot prove that RadioShack intentionally discriminated against him.

Hon. Kenneth M. Karas, U.S.D.J.
August 15, 2008
Page 3



      Should Your Honor require any additional information with respect to RadioShack's request for a pre-motion conference, please do not hesitate to contact me.

                                                Respectfully submitted,

                                                OGLETREE, DEAKINS, NASH,
                                                SMOAK & STEWART, P.C.

                                                *Lynelle J. Slivinski*
                                                Lynelle J. Slivinski

LJS/mo

cc:     Ambrose W. Wotorson, Esq. (via electronic docket & regular mail)

*The Court will hold a pre-motion conference on October 17, 2008, at 3:00. Plaintiff is to respond to this letter by September 8, 2008.*

*So Ordered.*

*8/28/08*